ARMOUR V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-03-415-CR

         2-03-416-CR

RICKY RECARL ARMOUR APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 362
ND
 
DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On August 19, 2003, the trial court entered judgments sentencing appellant to twenty years’ confinement in each case.  Appellant filed a motion to withdraw the guilty pleas on August 26, which the trial court treated as a timely motion for new trial in each case.
(footnote: 2)  
See
 
Tex. R. App. P.
 21.4(a).  Thus, the notices of appeal that appellant filed on October 6, 2003, in cause number 2-03-416-CR, and on October 14, 2003, in cause number 2-03-415-CR, were timely.
(footnote: 3)  
See
 
Tex. R. App. P.
 26.2(a)(2).
  

On October 14, 2003, the trial court signed certifications of appellant’s right to appeal, which were also signed by appellant’s counsel.  
See
 
Tex. R. App. P.
 25.2(a)(2).  The certificates state that each case “is a plea-bargain case, and the defendant has NO right of appeal” and that “the defendant has waived the right of appeal.”

On December 11, 2003, we notified appellant of the certifications and stated that we would dismiss the appeals unless appellant or any party filed a response showing grounds for continuing the appeal.  In response, appellant filed a motion to retain the cases on this court’s docket.  The motion does not state grounds for continuing the appeal; therefore, we denied the motion on January 7, 2004.

A valid waiver of appeal will prevent a defendant from appealing without the trial court’s consent.  
Monreal v. State
, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003).  Accordingly, we dismiss the appeal.
(footnote: 4)  
See
 
Tex. R. App. P.
 25.2(d), 43.2(f).

PER CURIAM

PANEL D: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
 47.2(b)

DELIVERED:  January 22, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.

2:
The motion was overruled by operation of law on November 2, 2003.  
See
 
Tex. R. App. P.
 21.8(a), (c).

3:
Appellant filed a motion in each cause number requesting that the time to file a notice of appeal be extended.  However, because no extension of time was necessary in either case, we deny both motions as moot.

4:
Because we are dismissing the appeal under rule 25.2(d), we need not address any substantive issues that appellant may have raised.  
Tex. R. App. P.
 25.2(d).